IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICOLE YVETTE WINSTON          *
         Plaintiff,
   v.                          *   CIVIL ACTION NO. JKB-16-1795

MARYLAND DEPARTMENT OF HUMAN   *
  RESOURCES
MARYLAND DEPARTMENT OF HEALTH  *
  AND MENTAL HYGIENE
         Defendants.           *
                         *****

MEMORANDUM

On June 2, 2016, the Court received for filing the above-captioned 44-page Complaint filed by self-represented plaintiff Nicole Yvette Winston ("Ms. Winston"), a resident of Fort Washington, Maryland. Ms. Winston sues the Maryland Department of Human Resources and Department of Health and Mental Hygiene, raising claims of constitutional rights violations,[1] violations of the Universal Declaration of Human Rights, violation of Article 19 of the Maryland Declaration of Rights, intentional misrepresentation, harassment, battery, conspiracy, intentional infliction of emotional distress, tortious interference with family relationships, and loss of consortium. ECF No. 1. She invokes this Court's federal question jurisdiction under § 1331 and seeks leave to proceed without prepayment of the filing fee.

Because Ms. Winston is proceeding as a self-represented litigant, the court must liberally construe her complaint allegations. *See*, *e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This

---

[1] Ms. Winston cites to 42 U.S.C, §§ 1981 1983, 1985 and 1986; the Fourteenth, Fourth, First, Eighth, Sixth, and Ninth Amendments of the U.S. Constitution; as well as federal criminal and Maryland statutory code provisions. ECF No. 1, pp. 2, 6-9.

court, however, is not required to conjure up questions never squarely presented to it.[2] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading that sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Although self-represented pleadings must be "liberally construed" and "held to less stringent standards than those by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a Complaint need not contain detailed allegations. Nevertheless, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under Federal Rule of Civil Procedure 8, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must also be mindful, however, that it should not allow defendants to be subjected to "paranoid *pro se* litigation ... alleging ... a vast, encompassing conspiracy" unless plaintiff meets a "high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Ms. Winston claims that she has received food stamps, medical care, and monetary assistance through Prince George's County Social Services since November of 2007. She speculates that "I have not been able to get off state assistance partly due to Social Services not providing adequate benefit information and intentionally allowed [sic] my health to decline by not providing sufficient or

---

[2] A federal court does not act as an advocate for a self-represented claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

proper medical care." ECF No. 1, pp. 3-5. She seemingly alleges that she was not informed of Social Security as an option for disability benefits and discusses the physical ailments and conditions she has experienced from 2007 to 2012. She seeks special damages in the amount of $9,328.00 for inpatient bills she incurred while at Southern Maryland Hospital and Washington Hospital Center ("WHC") and $320,176.04 for "being kept in the state of unemployment from January [of] 2008 to December [of] 2015."[3] ECF No. 1, pp. 5, 6, 43, & 44.

Ms. Winston additionally provides a running chronology of the disability assistance she received from 2007 to 2014[4] and voices her concerns as to whether she has been part of some biomedical research program. She claims that she has a number of health related issues and has never consented to any sort of medical research or programs. *Id*. at pp.10-11. She also complains that she has been subject to harassment and provides a litany of specific incidents of such since 2007 (interference with family relationships, initial denial of exemption from jury duty, being given wrong information, "absurd" Social Service requirements, assessment of library fines, misconduct by a Praxis test administrator, and exposure to unspecified materials at the WHC). Ms. Winston additionally discusses the "harassment" she experienced at the hands of her sibling, businesses, Social Services, and a state court. *Id*., pp. 12-16. She accuses defendants of battery and "manipulation of harm," and discusses her heart, gynecological, dermatological, "head pressure," lip, dental, and overall health conditions, as well as incidents of hair, drink, food, and facial product tampering and the questionable dispensing of prescription medication. *Id*., pp. 17-30.

---

[3] In her Prayer for Relief, however, Ms. Winston seeks general non-economic damages, as well as continuing and future damages in the amount of $815,000.00. ECF No. 1, p. 41.

[4] Ms. Winston refers to two other law suits she filed in this court on June 2, 2016. *See Winston v. Air Force Review Boards Agency*, Civil Action No. PJM-16-1796 (D. Md.), and *Winston v. Office of Naval Research*, Civil Action No. PWG-16-1797 (D. Md.).

Ms. Winston accuses defendants of the intentional infliction of emotional distress, the tortious interference with family relationships, and the loss of consortium. She recounts "recent employment hindrances" she has experienced. *Id*., pp. 32-34 & 37-41.

Ms. Winston has not paid the filing fee. Instead, she has filed a motion for leave to proceed in forma pauperis, ECF No. 2, which shall be granted. Title 28 U.S.C. §§ 1915 and 1915A permit an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a self-represented litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' "). As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. *Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the

Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

Even when providing a generous review to the self-represented complaint, *see, e.g.*, *Erikson v. Pardus*, 551 U.S. at 127, the undersigned finds it proper to dismiss Ms. Winston's Complaint. *See Bell Atl. Corp. v. Twombly,* 550 U.S. at 570 (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke,* 490 U.S. at 325–28. Ms. Winston presents a plethora of claims against two Maryland agencies, without cogently demonstrating how they are responsible for her alleged injuries. She seemingly attributes any problem she has experienced, whether it be related to employment, the receipt of benefits, the dispensing of medication, food and beverage, and interaction with family members, to be the constitutional or tortious error of defendants. Ms. Winston's allegations are made without any viable factual supporting allegations and appear to be the product of paranoid fantasies. Her allegations are wholly implausible. It is proper to dismiss her action under 28 U.S.C. § 1915(e)(2)(b)(ii). A separate order follows.

Date: July 11, 2016                         _____/s/_____
                                            James K. Bredar
                                            United States District Judge

5